UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS PENSION FUND, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>MEASUREMENT INSTRUMENTATION AND CONTROLS, INC., *et al.*<br><br>Defendants. | Case No.  1:23-cv-00744-CDB<br><br>ORDER RE SETTLEMENT CONFERENCE<br><br>Hearing:   **Settlement Conference**<br>Date:      **June 7, 2024**<br>Time:      **12:00 p.m.**<br>Judge:     **Stanley A. Boone**<br>Location:  **Courtroom 9, Robert E. Coyle Federal Building, 2500 Tulare Street, Fresno, CA 93721** |

Plaintiff Board of Trustees of the Kern County Electrical Workers Pension Fund, Board of Trustees of the Kern County Electrical Workers Health and Welfare Trust, Board of Trustees of the Kern County Electrical Journeyman and Apprenticeship Training Trust, and Construction Benefits Administration, Inc. ("Plaintiffs") initiated this action on May 14, 2023, with the filing of a complaint against Defendants Measurement Instrumentation and Controls, Inc., Key Electric, Inc., Key Staffing, Inc., Robert David Smith, and Sharyn Smith ("Defendants").  (Doc. 1).

On March 15, 2024, upon the parties' stipulated request, the Court set a settlement conference before the Honorable Magistrate Judge Stanley A. Boone.  (Docs. 29, 30).  On April 23, 2024, Judge Boone issued an order resetting the settlement conference to June 7, 2024, at 12:00 p.m.  (Doc. 31).

The undersigned enters this order to advise the parties of Judge Boone's settlement conference

1

parameters.

The Court expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms. See Local Rule 270(f).

No later than May 31, 2024, each party must submit to Magistrate Judge Boone's chambers at SABorders@caed.uscourts.gov a confidential settlement conference statement. These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for Magistrate Judge Boone to prepare for and conduct the settlement conference. They will not become part of the case file and will not be shared thereafter under Local Rule 270(e). If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a.  A brief statement of the facts of the case.
b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
d.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
e.  A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
f.  A list of the individuals who will be attending the settlement on the party's behalf, including names and if appropriate, titles.

     Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

     If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

     **<u>A failure to follow these procedures may result in the imposition of sanctions by the court.</u>**

IT IS SO ORDERED.

Dated:   **April 25, 2024**   _____
UNITED STATES MAGISTRATE JUDGE

3