UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS PENSION FUND, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>MEASUREMENT INSTRUMENTATION AND CONTROLS, INC., *et al*.,<br><br>Defendants. | Case No. 1:23-cv-00744-CDB<br><br>ORDER DENYING COUNSEL FOR DEFENDANTS' MOTION AND AMENDED MOTION TO WITHDRAW<br><br>(Doc. 33, 36)<br><br>ORDER DENYING PARTIES' REQUEST TO VACATE SETTLEMENT CONFERENCE<br><br>(Doc. 35) |

**Background**

On March 15, 2024, the Court granted the parties' stipulated request to schedule this matter for a settlement conference before an unassigned magistrate judge. (Docs. 29, 30). Approximately two months later, on May 23, 2024, counsel for Defendants Bryan L. Hawkins and Robert Sarkisian filed a motion to withdraw as counsel of record, supported by a declaration of Mr. Hawkins. (Docs. 33, 34). The motion was amended as to the caption only. (Doc. 36). Although counsel represents that they emailed Defendants to notify them of his intent to file the motion (Doc. 34 at 2), the motion nevertheless violates Local Rule 182(d) as it fails to demonstrate that counsel provided a copy of the motion with hearing date to counsel's clients.

Separately, the motion provides insufficient details to permit the Court to adequately

1  balance the equities in deciding whether to grant the relief requested based on the grounds
2  asserted (a breakdown in communications and dispute concerning outstanding fees). *See United*
3  *States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *CE Res., Inc. v. Magellan Grp., LLC*, No.
4  2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that
5  "[u]ltimately, the court's ruling must involve a balancing of the equities").  Thus, for instance,
6  although counsel's motion appears to implicate Cal. R. Prof. Conduct 1.16(b)(4), his declaration
7  does not demonstrate that the recent breakdown in communications he attests to experiencing
8  with his clients "renders it unreasonably difficult for the lawyer to carry out the representation
9  effectively."  Likewise, as for the reported fee dispute, the sparse information provided in
10 counsel's motion and declaration fails to demonstrate that the clients "breach[ed] a material term
11 of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer
12 has given the client a reasonable warning after the breach that the lawyer will withdraw unless
13 the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(5).[1]
14 As part of its balancing of the equites, the Court also notes that the motion seeks relief in part
15 that implicates Local Rule 183(a) ("A corporation or other entity may appear only by an
16 attorney") and Court of Appeals authority.  *See In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir.
17 1999) (a corporation can be represented only by a licensed attorney).

18  On the same day counsel filed the motion to withdraw, the parties filed a stipulated
19 request to vacate the settlement conference (Doc. 35) currently scheduled for June 6, 2024, at
20 12:00pm before the Hon. Magistrate Judge Stanley A. Boone.  (Doc. 31).  The only basis
21 identified for vacating the settlement conference is counsel for Defendants' motion to withdraw.
22 There is no indication in the stipulation that counsel for Defendants' clients consent to vacating
23 the settlement conference, which is of particular concern to the Undersigned given counsel's
24 representations that over the past two months at least, his communications with Defendants
25 "have been minimal."  (Doc. 34 at 2).

---

[1] In his notice of motion, counsel cites California Rule of Professional Conduct 3-700 of the 1992 Rules of Professional Conduct, which was superseded on November 1, 2018. *See* (Doc. 33 at 2).

Cal. R. Prof. Conduct 1.2(a) requires a lawyer to "abide by a client's decision whether to settle a matter." "A lawyer is not authorized merely by virtue of the lawyer's retention to impair the client's substantive rights or the client's claim itself." *Id*., Comment [1]. A Plaintiff – not her lawyer – retains the inalienable right to decide whether to settle a case. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) ("Only the client … may decide whether to make or accept an offer of settlement.").

**Conclusion and Order**

For the reasons stated above, counsel for Defendants' motion to withdraw (Doc. 33, 36) is HEREBY DENIED without prejudice. Any renewed motion shall (1) comply with Local Rule 182(d) with proof of service, and (2) be supplemented with a supporting declaration of counsel and accompanying application to seal as appropriate consistent with Local Rule 141 in which counsel provides additional details regarding the bases for withdrawal, as described above.

Further, the parties' request to vacate the settlement conference (Doc. 35) is HEREBY DENIED without prejudice. Any renewed request to vacate the settlement conference shall (1) indicate whether Plaintiffs unilaterally request to vacate the settlement conference, or (2) indicate whether counsel for Defendants' clients agree to vacatur of the settlement conference.

IT IS SO ORDERED.

Dated: __May 24, 2024__                    _____
                                            UNITED STATES MAGISTRATE JUDGE