UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MEASUREMENT INSTRUMENTATION AND CONTROLS, INC., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00744-CDB<br><br>ORDER GRANTING RENEWED MOTION OF ATTORNEY BRYAN L. HAWKINS AND ROBERT SARKISIAN TO WITHDRAW AS COUNSEL OF RECORD<br><br>(Doc. 40)<br><br>ORDER GRANTING REQUEST TO SEAL<br><br>(Doc. 41)<br><br>ORDER DIRECTING DEFENDANTS TO MAKE FILING<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Effect Service |

Pending before the Court is the renewed motion of Bryan L. Hawkins and Robert Sarkisian to withdraw as counsel of record for Defendants Measurement Instrumentation and Controls, Inc., Key Electric, Inc., Robert David Smith and Sharyn Smith ("Defendants") and related application to seal, both filed on June 11, 2024. (Docs. 40-41). The Court convened for hearing on the motion on July 17, 2024. Counsel Hawkins for Defendants and Counsel Tiffany Dawn Lena for Plaintiffs appeared via Zoom videoconference. (Doc. 42). No Defendant

appeared either via Zoom or in person.  Further, although counsel for Defendant Key Staffing, Inc., failed to appear, counsel for the parties agreed to proceed with the motion hearing notwithstanding his absence.[1]  For the reasons set forth below, the motion to withdraw and application to seal will be granted.

**Background**

Plaintiffs initiated this action with the filing of a complaint on May 14, 2023, in which they raise the following claims against Defendants: (1) violation of ERISA, and (2) accounting.  (Doc. 1).  The operative scheduling order was entered on October 11, 2023 (Doc. 17).  Discovery has closed and dispositive motions are due for filing by August 19, 2024. *Id.*

On May 24, 2024, the Court denied counsel for Defendants' first motion to withdraw, finding that the motion violated Local Rule 182(d) and otherwise failed to set forth good cause for withdrawal.  (Doc. 37).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules.  Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion

---

[1] The Court will enter separately an order to show cause to Defendant Key Staffing, Inc., why sanctions should not be imposed for its failure to appear.

to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof. Conduct 1.16(b)(4), and where a client "breach[ed] a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(5).

**Discussion**

Based on its consideration of counsel for Defendants' motion, supporting declaration of counsel to be filed under seal, and discussion with the parties during the motion hearing, the Court finds Counsel Hawkins has provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers reflect that a breakdown in the attorney-client relationship has occurred despite Counsel Hawkins' attempts to engage with Defendants since late-March 2024, rendering it unreasonably difficult for counsel for Defendants to effectively represent their clients. Separately, the Court finds Defendants have breached a payment obligation and not remedied the breach notwithstanding Counsel Hawkins' admonishment that he intended to withdraw from representation.

Counsel Hawkins has complied with the notice requirements in Local Rule 182(d) –

although he attests to only having served Defendant Robert Smith with the notice of motion and motion papers, during the motion hearing, Counsel Hawkins clarified that his service was effective as to all Defendants. The Court also notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case. Among other things, the Court notes that Plaintiffs do not oppose the pending motion or otherwise argue that they will suffer any prejudice from the Court's granting of the pending motion.

As part of its balancing of the equities, the Court also notes that the motion seeks relief in part that implicates Local Rule 183(a) ("A corporation or other entity may appear only by an attorney") and Court of Appeals authority. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *Tulare Golf Course, LLC v. Vantage Tag, Inc., No*. 1:21-cv-00505-JLT-SKO, 2024 WL 3361114, at *2 (E.D. Cal. July 8, 2024). In light of this, the Court will order all Defendants to make appropriate filings as further described below.

Finally, counsel for the parties represented at the motion hearing that one or more of the corporate parties have filed for bankruptcy which may trigger a stay of proceedings in this action. Accordingly, the Court provides directions to Counsel Hawkins below regarding return of client materials.

**Request to Seal**

In support of his motion to withdraw, Counsel Hawkins has filed a notice and application to seal (Doc. 41), emailed to the undersigned's chambers consistent with Local Rule 141 on June 12, 2024, accompanied by the document to be sealed, described as an attorney declaration containing information protected by attorney-client privilege and confidential information.

The Court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Counsel Hawkins' notice and request, sealing the declaration of counsel serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by Counsel Hawkins would be harmed. Due to the privileged and confidential nature of the information contained throughout the declaration, the Court further finds that there are no

additional alternatives to sealing the declaration that would adequately protect the compelling interests identified.  Accordingly, the application will be granted.

**Conclusion and Order**

For the reasons set forth above:

1. The renewed motion of Counsel Bryan L. Hawkins and Robert Sarkisian ("Counsel") to withdraw as counsel (Doc. 40) and application to seal (Doc. 41) are GRANTED subject to the conditions set forth below;
2. The Clerk of the Court is directed to terminate Bryan L. Hawkins and Robert Sarkisian as the counsel of record for Defendants;
3. Counsel Hawkins shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;
4. Counsel Hawkins shall inform himself of and comply with any obligations concerning the filing in this action of notice of bankruptcy and imposition of stay;
5. Within five days of the date of this order, Counsel Hawkins shall submit a copy of this order, the request for sealing and the document to be sealed (Counsel Hawkins' declaration) by email to the Operations Section of the Clerk of the Court:  ApprovedSealed@caed.uscourts.gov;
6. Defendants Robert Smith and Sharyn Smith are substituted-in pro se and are directed to comply with all hearing dates and the rules of the Court;
7. The Clerk of the Court is directed to enter the following contact information as to all Defendants' address of record:
   2960 Pacini Street,
   Bakersfield, CA 93314
8. The Clerk of the Court is directed to serve this order on Defendants by mail;
9. Defendants Robert Smith and Sharyn Smith are directed to inform the court within fourteen (14) days of service of this order whether they intend to obtain

5

new counsel or represent themselves. Any failure by Defendants Robert Smith and Sharyn Smith to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order; and

10. Defendants Measurement Instrumentation and Controls, Inc., and Key Electric, Inc. are directed to obtain new counsel and file notices of appearance within fourteen (14) days of service of this order. Any failure by Defendants Measurement Instrumentation and Controls, Inc., Key Electric, Inc. to respond to and comply with the Court's order in this regard will result in the imposition of sanctions, including entry of default and default judgment, for failure to prosecute and failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **July 17, 2024**

_____
UNITED STATES MAGISTRATE JUDGE