1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  BOARD OF TRUSTEES OF THE KERN<br>12  COUNTY ELECTRICAL WORKERS<br>   PENSION FUND, *et al*.,<br>13<br>14          Plaintiffs,<br>15     v.<br>16  MEASUREMENT INSTRUMENTATION<br>   AND CONTROLS, INC., *et al*.,<br>17<br>18          Defendants. | Case No. 1:23-cv-00744-CDB<br><br>ORDER STAYING ALL PROCEEDINGS ON<br>CONSENT<br><br>(Doc. 53) |

19          Pending before the Court is the response by Plaintiffs Board of Trustees of the Kern

20  County Electrical Workers Pension Fund, Board of Trustees of the Kern County Electrical

21  Workers Health and Welfare Trust, Board of Trustees of the Kern County Electrical Journeyman

22  and Apprenticeship Training Trust, and Construction Benefits Administration, Inc. ("Plaintiffs")

23  and Defendant Key Staffing to this Court's order that they report whether they seek to stay this

24  action in its entirety following the Court's acknowledgement of the partial stay operating because

25  of the pending bankruptcy cases of other Defendants.  (Docs. 52, 53).  For the reasons explained

26  herein, the Court will stay this action in its entirety.

27  ///

28

**Background**

On May 14, 2023, Plaintiffs initiated this action with the filing of a complaint against Defendants Measurement Instrumentation and Controls, Inc. ("Measurement"), Key Electric, Inc., Key Staffing, Inc., Robert David Smith, and Sharyn Smith ("Defendants").  (Doc. 1).  Plaintiffs raised the following claims against Defendants: (1) violation of ERISA, and (2) accounting.  *Id*. On July 2, 2024, Defendants Key Electric, Inc. Robert David Smith, and Sharyn Smith filed voluntary petitions for bankruptcy in the United States Bankruptcy Court for the Eastern District of California under Chapter 7 of the U.S. Bankruptcy Code.  (Doc. 51).

On July 17, 2024, the Court granted the renewed motions of Attorneys Bryan L. Hawkins and Robert Sarkisian to withdraw as attorneys for Defendants Measurement, Key Electric, Inc., Robert David Smith, and Sharyn Smith.  *See* (Docs. 36-37, 40, 43).  The Court ordered Defendants Robert David Smith and Sharyn Smith to inform the Court within 14 days of service of the order whether they intended to obtain new counsel or represent themselves.  *Id*. at 5-6. Further, the Court ordered Defendants Measurement and Key Electric, Inc. to obtain new counsel and file notices of appearance within 14 days of service of this order.  *Id*. at 6.  Defendants Measurement, Key Electric, Inc., Robert David Smith, and Sharyn Smith complied with the Court's order.

On July 22, 2024, Defendant Key Staffing, Inc. filed a notice of suggestion of bankruptcy as to Defendants Key Electric, Inc., Robert David Smith, and Sharyn Smith.  (Doc. 51).  On July 30, 2024, the Court issued an order staying proceedings as to those Defendants pursuant to the automatic stay provisions of 11 U.S.C. § 362.  (Doc. 52).  The Court noted it had no information as to the pendency of any bankruptcy proceedings filed by or involving Defendant Measurement, an entity that was alleged to be associated with Defendants Robert David Smith and Sharyn Smith.  (Docs. 52 at 2; Doc. 1 at ¶ 30).  The Court ordered Plaintiffs and non-debtor Defendant Key Staffing, Inc. to file a joint status report indicating whether this action should proceed in some manner against Defendants Measurement and/or Key Staffing, Inc., or whether this matter should be stayed in its entirety.  (Doc. 52 at 2) (citing *J & J Sports Prods., Inc. v. Brar*, No. 2:09-cv-3394-GEB-EFB, 2012 WL 4755037, at *1 (E.D. Cal. Oct. 3, 2012)).

On August 19, 2024, Plaintiffs and Defendant Key Staffing, Inc. filed a responsive joint status report.  (Doc. 53).  The parties state this case should be stayed as to all parties – not just the debtor Defendants for whom the proceedings automatically were stayed.  (Doc. 53 at 5).  Plaintiffs note the "gist" of its claims against Defendants Key Staffing Inc., Measurement, and Key Electric, Inc. are that they are all effectively one and the same—one single employer and the alter egos of Defendants Robert David Smith and Sharyn Smith.  *Id*. at 5.  Plaintiffs assert that, in order to establish their alter ego claim, it will be necessary for them to purse their claims against all of the defendants, including the bankrupt debtors.  *Id*. at 6.  Plaintiffs assert "there is no way for [them] to prove their claims, if the claims against the debtors are severed, or disregarded."  *Id*. The parties assert that the "unusual circumstances" exception to the automatic stay applies to this action and/or that the Court should stay this action through its inherent authority.  *Id*. at 6-9.

**Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id*. at 245-55.  The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to [someone] else."  *Id*. at 255.

In considering whether to grant a stay, a court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  A court must "balance the length of the stay against the strength of the justification given for it."  *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite," a court shall "require a greater showing to justify it."  *Id*.

1

**Analysis**

2

    1.  The Possibility that a Stay will Cause Damage

3

    If there is even a fair possibility that a stay may cause to harm someone other than the

4

movant, then a stay may be inappropriate absent a showing of hardship or inequity to the movant.

5

*Landis*, 299 U.S. at 255.  Here, Plaintiffs and Defendant Key Staffing, Inc. have not identified any

6

damage that may result from granting a stay.  *See generally* (Doc. 53).  The action already is

7

stayed as to Defendants Key Electric, Inc. Robert David Smith, and Sharyn Smith due to the

8

automatic stay in deference to bankruptcy proceedings involving those defendants.  (Doc. 52).

9

Based on Plaintiffs' allegations that Measurement is a dissolved entity with no assets, it is unclear

10

what damages, if any, Measurement would incur if a stay of the entire action was enforced.

11

Accordingly, the Court finds there is not a fair possibility that a stay would cause damage to any

12

nonmovant.

13

    2.  Hardship or Inequity if a Stay is not Imposed

14

    In considering whether to stay an action, courts weigh the competing interest of hardship

15

and inequity "if there is a fair possibility that a stay will cause damage to a party opposing the

16

stay." *Integon Preferred Ins. Co.*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *11

17

(E.D. Cal. Dec. 18, 2018) (citing *Landis*, 299 U.S. at 255).  The Court already has found that

18

there is not a fair possibility that the granting of a stay in this action will harm any other party, so

19

the Court need not consider this competing interest.  Nonetheless, the Court will briefly address

20

this factor.  *See Integon Preferred Ins. Co.*, 2018 WL 6620342, at *11-12 (addressing this

21

competing interest despite concluding that it "does not come into play").

22

    Here, Plaintiffs assert recovery against Measurement depends on establishing liability

23

against Defendants Key Electric, Inc. Robert David Smith, and Sharyn Smith through a theory of

24

"successor corporation liability."  (Doc. 53 at 8-9).  Plaintiffs contend it would be "impossible" to

25

establish this liability without violating the automatic stay.  *Id.*  The Court agrees.  It appears

26

Plaintiffs' claims against Measurement are "inextricably intertwined" with their claims against

27

the debtor Defendants and the potential prejudice to Plaintiffs in denying a stay is significant.

28

4

1  *E.g.*, *Duncan v. Aliera Cos. Inc.*, No. 2:20-cv-00867-TLN-KJN, 2021 WL 4728760, at *2 (E.D.
2  Cal. Sep. 10, 2021).

3    3.  Orderly Course of Justice

4    The third competing interest is whether imposing a stay will contribute to the orderly
5  course of justice.  *CMAX, Inc.,* 300 F.2d at 268.  A stay contributes to the orderly course of justice
6  if it will simplify the issues, evidence, or questions of law before the federal court.  *Id.*

7    Plaintiffs contend even if this case could be effectively prosecuted without violating the
8  automatic stay, as a practical matter, a judgment against Measurement (a dissolved entity) "would
9  be valueless and result in a waste of resources once [Defendants Robert David Smith, and Sharyn
10  Smith] receive a bankruptcy discharge, and a determination."  (Doc. 53 at 9).  In light of this
11  representation, the Court finds that the interests of judicial economy weigh in favor of staying this
12  case in its entirety pending the conclusion of the debtor Defendants bankruptcy proceedings.
13  Based on Plaintiffs' representations, and the nature of this case, it is likely this litigation cannot
14  be effectively or efficiently prosecuted without violating the automatic stay.  Moreover, the Court
15  is not inclined to require Plaintiffs and Defendant Key Staffing, Inc. to continue litigation and
16  force them to relitigate certain matters that were decided in the debtor Defendants' absence.  A
17  stay of all proceedings would promote judicial efficiency and allow this Court to best manage its
18  limited resources.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)
19  ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for
20  the parties to enter a stay of an action before it, pending resolution of independent proceedings
21  which bear upon the case.").

22  **Conclusion and Order**

23    For the foregoing reasons, IT IS HEREBY ORDERED:

24    1.  Plaintiffs and Defendant Key Staffing, Inc.'s request for a stay of this action (Doc. 53)
25        is GRANTED;

26    2.  This action is STAYED in its entirety pending resolution of the underlying bankruptcy
27        proceedings and lifting of the automatic stay pursuant to 11 U.S.C. § 362; and

28

3.  The non-debtor parties shall file a joint status report within 120 days from the date of entry of this order, and every 120 days thereafter, informing this Court as to the status of the bankruptcy proceedings.

IT IS SO ORDERED.

Dated:   **August 23, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

6